UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,       ) | |
| ) | |
| **Plaintiff,**       ) | |
| ) | CIVIL NO. 3:09CV0526 |
| v.       ) | |
| ) | JUDGE CAMPBELL |
| TWO FIGHTER INVESTOR AGREEMENTS       ) | |
| AND PROCEEDS, AND       ) | |
| ONE INVESTOR AGREEMENT       ) | |
| AND PROCEEDS,       ) | |
| ) | |
| **Defendants.**       ) | |

## DEFAULT JUDGMENT AND FINAL ORDER OF FORFEITURE

Plaintiff, United States of America, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, has moved for a Default Judgment and Final Order of Forfeiture forfeiting the defendant property to the United States of America.

On June 9, 2009, the United States of America filed a Verified Complaint *In Rem* seeking forfeiture of the above-captioned defendant property, alleging that the defendant property constitutes property subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) which authorized forfeiture of all moneys, negotiable instruments, securities, or other things of value furnished by any person in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. § 841, and/or proceeds traceable to such an exchange and/or pursuant to 18 U.S.C. § 981 because it constitutes property, real or personal, involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956 (money laundering), or property traceable to such property, or because it constitutes proceeds of a specified unlawful activity (drug trafficking in violation of 21 U.S.C. § 841)) which were used in a transaction, knowing that the transaction is designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of

specified unlawful activity; or to avoid a transaction reporting requirement under State or Federal law, or property, real or personal, involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1957, or any property traceable to such property, because it constitutes proceeds of a specified unlawful activity (drug trafficking in violation of 18 U.S.C. § 841) which were used in a monetary transaction in criminally derived property of a value greater than $10,000, and is derived from specified unlawful activity (drug trafficking in violation of 21 U.S.C. § 841). (D.E. 1).

Based upon the facts contained in the Affidavit filed in support of the Verified Complaint *in Rem*, the government has established, by a preponderance of the evidence, the requisite nexus between the defendant property and the offenses alleged in the Verified Complaint *in Rem*. (D.E. 2).

Pursuant to Summons and Warrant for Arrest *In Rem* issued by the Clerk of this Court on June 10, 2009 (D.E. 5), the United States Department of Treasury seized defendant property on June 17, 2009. (D.E. 12).

A copy of the Verified Complaint *In Rem* and Notice of Judicial Forfeiture Proceedings was served, via hand delivery, on Brian Young of Prizefight Promotions, LLC on June 12, 2009 (D.E. 7) and on June 16, 2009, Ms. Martha Newsom, Mr. Billy Joe Marlowe, Jr., Mr. B.F.Jack Lowery, Mr. Edward Locklayer, Mr. Deshay Jones and Katina Dozier were served via certified mail return receipt requested. (D.E.8).

Pursuant to the Notice of Judicial Forfeiture Proceedings, all persons claiming an interest in defendant property were required to file their verified claims with the Clerk of this Court within thirty-five (35) days from service of the Verified Complaint *In Rem*, and Notice of Judicial Forfeiture.

Public notice to all persons of said forfeiture action was advertised on-line at "www.forfeiture.gov," the official internet government forfeiture site, for 30 consecutive days beginning on June 18, 2009 and ending on July 17, 2009. (D.E. 16).

Pursuant said notice, all persons claiming an interest in defendant property were required to file their verified claims with the Clerk of this Court within sixty (60) days from the first date of publication of the Notice.

No person or entity has filed a Verified Claim within the time permitted by Title 18, United States Code, Section 983(a)(4)(A), and Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure.

The Clerk of this Court has entered a default as to all persons and entities claiming an interest in defendant property, pursuant to Rule 55(a) Federal Rules of Civil Procedure. (D.E.20).

The United States has now moved for entry of a Default Judgment and this Court is of the opinion that the Motion of the United States for Default Judgment should be granted and Default Judgment be entered as to all persons or entities who may claim to have an interest in the defendant property. Further, the Court finds by a preponderance of the evidence that the Verified Complaint for Forfeiture establishes that the defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) which authorizes forfeiture of all moneys, negotiable instruments, securities, or other things of value furnished by any person in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. § 841, and/or proceeds traceable to such an exchange and/or pursuant to 18 U.S.C. § 981 because it constitutes property, real or personal, involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956 (money laundering), or property traceable to such property, because it constitutes proceeds of a specified unlawful activity (drug trafficking in violation

3

of 21 U.S.C. § 841)) which were used in a transaction, knowing that the transaction is designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity; or to avoid a transaction reporting requirement under State or Federal law, or property, real or personal, involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1957, or any property traceable to such property, because it constitutes proceeds of a specified unlawful activity (drug trafficking in violation of 18 U.S.C. § 841) which were used in a monetary transaction in criminally derived property of a value greater than $10,000, and is derived from specified unlawful activity (drug trafficking in violation of 21 U.S.C. § 841), and, therefore, a Final Order of Forfeiture should be entered.

The Motion of the United States for Default Judgment and Final Order of Forfeiture is hereby GRANTED. Therefore, it is hereby

ORDERED, ADJUDGED AND DECREED that:

1. A Judgment by Default is hereby entered as to Prizefight Promotions, L.L.C., Martha Newsom, Edward Locklayer, Deshay Jones and Katina Dozier and all persons or entities with respect to any interest they may have in the defendant property.

2. The government has established, through the facts set forth in the Complaint and Affidavit, by a preponderance of the evidence, that there is a nexus between the defendant propety and the offences alleged in the Verified Complaint *In Rem* such that the defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981.

3. The defendant property more particularly described as two fighter investor agreements and proceeds, and one investor agreement and proceeds, is hereby forfeited to the United States of America, and all right, title and interest in and to said property is hereby vested in the United States

of America, pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981.

4. The United States Department of Treasury as custodian of said forfeited property, shall dispose of the same according to law.

5. The Clerk of this Court shall provide the United States Attorney's Office and the United States Department of Treasury with a certified copy of this order.

Dated on this, the _____ day of _____, 2009.

_____
JUDGE TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE